# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Kristie Ann McAuley, Respondent.

Appellate Case No. 2014-000724

---

Opinion No. 27399
Submitted  May 8, 2014 – Filed June 18, 2014

---

## DEFINITE SUSPENSION

---

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Bruce A. Byrholdt, of Byrholdt Drawdy, LLC, of Anderson, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension not to exceed eighteen (18) months.  She requests any suspension be imposed retroactively to August 24, 2011, the date of her interim suspension.  In the Matter of McAuley, 396 S.C. 215, 721 S.E.2d 767 (2011).  In addition, respondent agrees to complete the Legal Ethics and Practice Program Ethics School within twelve (12) months of reinstatement from any suspension.  We accept the Agreement and suspend respondent from the practice of law in this state for eighteen (18) months, retroactive to August 24, 2011, the date of her interim suspension.  Respondent shall complete the Legal Ethics and Practice Program Ethics School within twelve (12) months of reinstatement to the practice of law.  The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent was employed as a full-time attorney with the Tenth Circuit Public Defender's Office. During her employment, respondent represented clients who were not financially qualified to receive a public defender. In addition, she accepted funds from some of the non-qualified clients whom she represented.

Respondent was arrested and charged with Misconduct in Office by a public official. She resigned from the Tenth Circuit Public Defender's Office on August 22, 2011. The Court placed respondent on interim suspension on August 24, 2011. Id.

On January 16, 2014, respondent pled guilty to Misconduct in Office by a public official. She was ordered to pay a $100.00 fine and various court costs. On the same day, respondent paid in full the fine and all court costs.

## Law

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.5(a) (lawyer shall not practice law in violation of regulation of legal profession); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness as lawyer in other respects). Respondent also admits she has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or bring courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## Conclusion

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for eighteen (18) months, retroactive to August 24, 2011, the date of her interim suspension. If reinstated to the practice of law, respondent shall complete the Legal Ethics and Practice Program within twelve (12) months of the date of her reinstatement and shall, within ten (10) days after completion of the program, submit proof of completion to the Commission on

Lawyer Conduct. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**